J. ROBERT MULLINS

V.

BILL SIMMONS, ET AL.

Record No. 850197

J. ROBERT MULLINS

V.

TOWN OF RICHLANDS

Record No. 850547

March 4, 1988

Present: Poff, Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

*T. C. Bowen, Jr. (Bowen & Bowen, P.C.,* on brief), for appellant. (Record No. 850197)

*James R. Henderson (Deanis L. Simmons; Mullins and Henderson, P.C.; Dudley, Galumbeck & Simmons,* on brief), for appellees Bill Simmons and Linda Simmons. (Record No. 850197)

No briefs or arguments for Sequoyah Petroleum Corporation, Dome 1980 Institutional Investors Ltd., TCPL Resources U.S.A. Ltd. and Dome Petroleum Corp. (Record No. 850197)

*T. C. Bowen, Jr. (Bowen & Bowen, P.C.,* on briefs), for appellant. (Record No. 850547)

*Lewis B. McNeace, Jr.* for appellee. (Record No. 850547)

THOMAS, J., delivered the opinion of the Court.

These appeals concern a dispute over the construction of a deed. On May 18, 1908, P. J. Brown made a conveyance to his daughter which read in pertinent part as follows:

> to Norcia B. Wysor during her natural life, and at her death to her children, if any, and if the said Norcia B. Wysor shall

die without issue, then to the next of kin on her fathers side . . . .

Norcia gave birth to a daughter, Laura, Norcia's only child. Laura gave birth to a daughter, Lynn. Laura died in 1973, predeceasing her mother Norcia. Norcia died in 1979 survived by her granddaughter Lynn.

In 1956, Norcia, Laura, and Laura's husband, J. G. Repass, joined in a deed to Lucian and Gertrude Smith of a portion of the land acquired from P. J. Brown. In 1983, the Smiths conveyed the property to Bill Simmons and Linda Simmons, his wife. In March 1983, Laura's daughter and Norcia's granddaughter, Lynn, died testate leaving all her estate to her husband, J. Robert Mullins. In August 1984, Mullins filed an ejectment suit claiming that he owned the land which Norcia and Laura had conveyed to the Smiths in 1956. The defendants filed a demurrer which was sustained by the trial court.

In 1960, Norcia, Laura, and Laura's husband joined in a deed to the Town of Richlands of another portion of the land acquired from P. J. Brown. In March 1985, Mullins filed an ejectment suit against the town claiming that he owned the land which was the subject of the 1960 conveyance. The town filed a demurrer which was sustained by the trial court.

The issues are precisely the same in both suits, and the cases have been consolidated on appeal. Mullins argues that both parcels of land belong to him in fee simple absolute because his deceased wife, Lynn, took the property in fee simple at the death of her grandmother, Norcia, the life tenant. Mullins contends that Lynn was an original taker under the deed either as surviving child, as issue, or as next of kin. Mullins argues that the remainder to Norcia's children did not vest at the birth of Laura, but vested only at Norcia's death. Thus, according to Mullins, when Norcia and Laura made the 1956 and 1960 deeds, Laura had no interest to convey and thus nothing was conveyed but a life estate, which terminated with Norcia's death. We disagree.

In Virginia, unless a contrary intent clearly appears from the instrument under consideration, the law favors early vesting of estates. *Disney* v. *Wilson*, 190 Va. 445, 454, 57 S.E.2d 144, 149 (1950). Thus, the gift to Norcia during her natural life and at her death to her children created a life estate in Norcia and a vested

remainder in her children as soon as they came into being. When Laura was born, the remainder became vested subject to open.

■ The next inquiry is whether the gift to Norcia for life "and at her death to to her children," would have been totally defeated by Norcia's dying without issue. But Norcia's granddaughter Lynn survived Norcia. Therefore, Norcia died with issue and the event which might have defeated the gift to Norcia's children did not come to pass.

■ Mullins argues that his wife was an original taker under the 1908 deed in any one of three capacities. He is mistaken on each account. First, he says that Lynn took as Norcia's child. The deed referred to Norcia's "children." By the common meaning of that word it included Laura but not Lynn, who was Norcia's grandchild. There was nothing in the deed to suggest that the grantor used the word "children" to include grandchildren. Indeed, the language of the deed suggests the contrary because it mentions both "children" and "issue." The word "issue" includes grandchildren, therefore, there is no need to strain the meaning of the word "children" in order to make it include grandchildren.

■ Second, Mullins argues that Lynn took as "issue" under the deed. In making this argument, Mullins submits that because the deed provided for a gift over "to the next of kin on [Norcia's] father's side" in the event Norcia died "without issue," it must be inferred that if Norcia died with issue, her issue would take under the deed. Mullins is incorrect for two reasons: There is no grant to "issue" and the deed is to be taken as written, not expanded by implication.

■ Third, Mullins argues that Lynn took as "next of kin." This argument runs counter to the deed's plain language. Next of kin could only take if Norcia died without issue. The very fact that Lynn survived her grandmother means that no one could take as next of kin because that gift over failed.

■ Mullins argues further that, under Code § 55-13,* the remainder to Norcia's children could not vest until Norcia's death; that at her death Norcia had no living children; and that, therefore, the 1956 and 1960 deeds conveyed no interest other than a

---

* Code § 55-13 reads in pertinent part as follows: Certain limitations construed. — Every limitation in any deed or will contingent upon the dying of any person without heirs, . . . shall be construed a limitation to take effect when such person shall die not having such heir . . . living at the time of his death, or born to him within ten months thereafter . . . .

life estate. Mullins misreads the statute. It focuses upon contingent limitations to estates. *See Thomas* v. *Thomas*, 224 Va. 4, 294 S.E.2d 795 (1982). The grant of a remainder to Norcia's children was not a contingent limitation of an estate, it was the creation of an estate. The contingent limitation of the estate was set forth in the language "if the said Norcia . . . shall die without issue." It is the effect of this language, according to the statute, which must be determined at Norcia's death. But at her death she was survived by her granddaughter Lynn and thus, as explained above, the contingent limitation of the remainder in fee to Laura failed.

■ When Norcia and Laura made the 1956 and 1960 deeds, only two subsequent events could have made those deeds invalid: (1) Norcia's having other children or (2) Norcia's dying without issue. Neither event occurred. The deeds are valid. The demurrers were properly sustained. Therefore, we will affirm the judgments of the trial court.

Record No. 850197 — *Affirmed.*
Record No. 850547 — *Affirmed.*